IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

TZACHI HERMAN,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

CIV ACTION NO. 1:25-cv-11199

## PETITION FOR THE RETURN OF PROPERTY UNDER
## RULE 41(g) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

## I.     INTRODUCTION

1.     Petitioner Tzachi Herman, by and through the undersigned attorneys, brings this petition pursuant to Federal Rule of Criminal Procedure 41(g), for the return of property seized by the Federal Bureau of Investigations ("FBI") pursuant to a search warrant issued on March 22, 2022, which was executed at Petitioner's residence in Needham, Massachusetts on March 23, 2022 ("MA Search Warrant").

2.     In the three years that have passed since the warrant was executed, Petitioner has not been charged with any crime. The Government also has neither returned to him all of the property seized during the execution of the MA Search Warrant, nor fully complied with its notice and other obligations with respect to Petitioner's seized property, pursuant to, *inter alia*, Fed. R. Crim. P. 41(g) and/or 18 U.S.C. § 983.

3.     To the best of Petitioner's knowledge, he has never received a complete inventory of the items seized as a result of the execution of the MA Search Warrant (which, according to

the search warrant, allowed seizure of Petitioner's computer equipment and backup drives, as well as personal and financial records and Petitioner's passwords for accounts holding cryptocurrency).

4.      To the best of Petitioner's knowledge, the items seized by the Government during the execution of the MA Search Warrant are not the subject of any pending forfeiture proceedings.

5.      Pursuant to the Due Process Clause of the Fifth Amendment, 18 U.S.C. § 983, and Fed. R. Crim. P. 41(g), Petitioner is entitled to the return of all property seized during the execution of the MA Search Warrant.

## II.      JURISDICTION AND VENUE

6.      Pursuant to Fed. R. Crim. P. 41(g), this petition is properly filed in the United States District Court for the District of Massachusetts, because the MA Search Warrant was executed in this district, and the property at issue in this petition was seized in this District.

## III.      FACTUAL BACKGROUND

7.      Petitioner is the former owner of a residence at 33 Bridge Street, Needham, MA 02494 (the "MA Residence").

8.      On March 22, 2022, the United States ("United States" or "Government") sought and obtained the MA Search Warrant in the District Court for the District of Massachusetts. *See In the Matter of the Search of the residence at 33 Bridge Street, Needham, MA 02494*, Case No. MJ-22-6129-MPK (filed under seal).  A true and accurate copy of the MA Search Warrant is attached hereto as Exhibit A.

9.      The MA Search Warrant requested the search and seizure of "[a]ll records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of

violations of 18 U.S.C. § 1343 (wire fraud)," including "[a]ll computer hardware, computer software, storage media and routers, modems, and network equipment used to connect computers to the internet." The specific records sought included, among other things, certain of Petitioner's financial records as well as passwords and "keys" for cryptocurrency accounts.

10.      On March 23, 2022, the Massachusetts field office of the Federal Bureau of Investigations ("FBI") conducted a search of the MA Residence, during which search Petitioner and his counsel were present in the vicinity, though they were not able to observe what, specifically, was seized by the agents.

11.      At the end of the search, the FBI presented Petitioner's counsel with a summary of items seized during the search. A true and accurate copy is attached hereto as <u>Exhibit B.</u> However, the residence was in such a state of disarray at the end of the search that neither Petitioner nor Petitioner's counsel could confirm the accuracy and completeness of the purported inventory.

12.      Further, the Government has never notified Petitioner as to whether it has used Petitioner's financial records or passwords seized during the execution of the MA Search Warrant.

13.      To date, the Government has not moved forward with any criminal prosecution of Petitioner. While attorneys for the United States, including attorneys from the United States Attorney's Office for the District of Massachusetts, have met or communicated with Petitioner's counsel on several occasions over the last three years, Petitioner has never been charged with any crime. Nevertheless, the Government has retained certain of Petitioner's property seized from the MA Residence, including Petitioner's passports (Petitioner is a dual citizen of the United States and Israel), multiple laptop computers, iPhones, iPads and other tablet computers, and

other electronic equipment belonging to not only Petitioner but his family members, and many other items of value.

14.     Petitioner asserts that none of the items seized by the Government during the execution of the MA Search Warrant were contraband or evidence of any criminal activity. Further, to the extent the Government used Petitioner's passwords and other information to access any of Petitioner's accounts, none of the assets in such accounts were contraband or evidence of any criminal activity.

15.     To date, the Government has returned only some of the items seized from Petitioner's MA Residence, including items that belonged to Petitioner's minor children.  It has not returned to Petitioner all of the items seized during the execution of the MA Search Warrant. Further, it has not provided notice to Petitioner identifying the items that remain in the Government's possession, or advising Petitioner as to whether the Government used Petitioner's financial records and passwords to access, freeze or seize any of Petitioner's accounts or other assets.

## IV.     ARGUMENT AND APPLICABLE LAW

16.     Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property *or by the deprivation of property may move for the property's return."* Fed. R. Crim. P. 41(g)(emphasis supplied).  The motion must be filed in the district where the property was seized, and the court must receive evidence on any factual issue necessary to decide the motion. *See id.*  If the court grants the motion, the court must return the property to the movant, although it may impose reasonable conditions to protect access to the property and its use in later proceedings. *See id.*

17.     Here, Petitioner has been aggrieved by the deprivation of his property.  The Government has, for three years, retained in its possession property belonging to Petitioner – even though it has not charged him with any crime.  Again, because of the disarray in which the Government left Petitioner's home after the execution of the Search Warrant, Petitioner and his counsel have never been able to ascertain whether the Government's provided inventory was accurate or complete, and it is possible additional items were seized and/or are still in the Government's possession.  However, Petitioner is aware that the property seized by the Government, and which the Government still has not returned to him, includes:

a.   Petitioner's passports, which the Government has seized and kept from Petitioner for over three years, preventing him from visiting family in Israel – or traveling outside of the country for any other reason – even though the Government has not charged him with any crime;

b.   Personal and financial records, including personal information written in notebooks and journals seized by the Government during the execution of the Search Warrant;

c.   Certain of the (at least) eight different multiple laptop computers seized;

d.   Certain of the (at least) eleven different iPhones / iPads / tablet computers seized; and

e.   Certain other electronic equipment that belongs to Petitioner or members of his family and household (his minor children), including numerous SD cards, USB drives, external hard drives and other equipment and devices used for data storage (which equipment contains personal data belonging to Petitioner and his family and which cannot be replaced or replicated).

18.    The Government has not provided Petitioner with the required and accurate notice concerning the items it has seized and retained. *See, e.g.,* Fed. R. Crim. P. 41(f).  While the Government has returned certain of the items seized from Petitioner, it has retained other items and has not provided Petitioner with sufficient notice as to what property remains in its possession.

19.    In the First Circuit, "a motion for return of property lies whenever property has been seized by federal agents … and anticipated subsequent proceedings, whether criminal or civil in nature, have not been initiated by indictment or complaint," and  "regardless of the theory of jurisdiction that applies in such a case, the propriety of an exercise of jurisdiction is determined on equitable grounds." *Matter  of Ninety–One Thousand Dollars in United States Currency*, 715 F.Supp. 423, 427  (D.R.I.1989).  "Where a Rule 41(g) petition is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the Court invoke its civil equitable jurisdiction." *Vasarely v. United States*, 2024 WL 278402, *3 (D.P.R. 2024) (citations omitted).

20.    The First Circuit in *Angel-Torres v. United States*, stated that a "district court's decision to grant or deny a pre-indictment Rule 41([g]) motion for return of property properly turns on equitable considerations," including whether the petitioner had an adequate remedy of law, petitioner's need for the items seized, the harm faced, and the constitutionality of the seizure. *Angel-Torres v. United States*, 712 F.2d 717, 720 (1st Cir. 1983) (emphasis added); *see also Vasaly*, 2024 WL 278402, at *3 (applying the following factors: 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant

would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance).

21.    Here, Petitioner's constitutional rights have been disregarded by the Government's failure to return Petitioner's seized property, notwithstanding the fact that the Government has not pursued any criminal charges against Petitioner.  It is well-settled that pre-trial seizure of assets constitutes an impairment of property triggering the Due Process Clause of the Fifth Amendment of the United States Constitution, which provides that "no person shall … be deprived of life, liberty, or property, without due process of law." *See Connecticut v. Doehr,* 501 U.S. 1, 12 (1991).

22.    Further, Petitioner has an individual interest in and need for his property, which was seized from his Massachusetts residence during the execution of the MA Search Warrant, and includes Petitioner's computer equipment, personal and financial records, and passwords and other information and data necessary for accessing Petitioner's electronic data and  financial accounts.  Petitioner will be irreparably injured by the continued seizure of and refusal to return his property.  Petitioner has been deprived of his passports for over three years, preventing him from traveling outside the country, which has meant that he has been unable to see his family in Israel, and he was unable to attend his father's funeral when his father passed away in 2022.  The Government has also kept from Petitioner and his family – without any apparent reason for doing so – valuable computer equipment and devices, and personal and financial data and records, including data stored on USB and hard drives seized during the execution of the Search Warrant.

23.    Finally, Petitioner has no adequate remedy at law or other proceeding in which to redress his grievance since the Government has not pursued criminal charges against Petitioner. Further, to the best of Petitioner's knowledge, the Government has not initiated civil forfeiture

proceedings with respect to Petitioner's seized property, and it was required to do so within 60 days of the seizure; it cannot now pursue such proceedings years after the seizure. *See, e.g.* 18 U.S.C. § 983(a).

## V. CONCLUSION

24.    For the forgoing reasons, the Court should order the return of Petitioner's property seized during the execution of the MA Search Warrant.

Respectfully submitted,

**TZACHI HERMAN**

By his attorneys,

*/s/ Ingrid s. Martin*
Ingrid Martin, BBO #653632
imartin@toddweld.com
Charlotte L. Bednar, BBO #657748
cbednar@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated: May 1, 2025